# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DARRELL W. STEPHENS,<br>　　Petitioner, | Case No. 1:17-cv-796 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, PICKAWAY<br>CORRECTIONAL INSTITUTION,<br>　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Pickaway Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss (Doc. 9), petitioner's response in opposition (Doc. 11), and respondent's reply. (Doc. 12).

## I.  PROCEDURAL HISTORY

### State Trial Court Proceedings

On March 31, 1992, after entering a guilty plea in the Hamilton County Court of Common Pleas, petitioner was convicted of one count each of felonious sexual penetration and rape. (*See* Doc. 8, Ex. 3, 4). Petitioner was sentenced to be imprisoned in the Ohio Department of Rehabilitation and Correction for a period of five to twenty-five years.

On November 24, 2004, following a hearing, the trial court issued an entry finding petitioner to be a sexually oriented offender and notifying him of his registration requirements under the version of Ohio Rev. Code § 2950 in effect at the time ("Megan's Law"). (Doc. 8, Ex. 38). On October 12, 2005, the Ohio Court of Appeals affirmed petitioner's sexual offender classification. (Doc. 8, Ex. 44). On February 22, 2006, the Ohio Supreme Court declined to accept jurisdiction of petitioner's subsequent appeal. (Doc. 8, Ex. 46).

## First Federal Habeas Corpus Petition

Meanwhile, on April 5, 2005, petitioner filed a federal habeas corpus petition in this Court in case number 1:05-cv-243. (*See* Doc. 8, Ex. 47). Petitioner raised the following three grounds for relief:

> **GROUND ONE**: The Ohio Parole Authority violated Petitioner's Due Process right(s) by utilizing new parole eligibility guidelines thereby breaching the plea agreement contract. (New Parole Guidelines Enhanced Parole Eligibility.
>
> Supporting Facts: The Ohio Adult Parole Authority implemented new parole eligibility guidelines that increased the punishment of the Petitioner's bargained for sentence as rendered by the existing state statute(s) and existing parole guidelines that were in effect at the time Petitioner entered into the plea agreement contract through negotiations with the state prosecutor, and the subsequent entry of conviction by the trial court in 1992.
>
> **GROUND TWO**: The Ohio Courts abused their discretion in not allowing the Petitioner to withdraw the guilty plea in order to correct a miscarriage of justice.
>
> Supporting Facts: The Petitioner's plea agreement was not knowingly, voluntarily, and intelligently entered into when the Ohio Adult Parole Authority implemented a new parole guideline structure that requires that Petitioner serve substantially more prison time "before becoming eligible for parole" than that imposed by law at the time the Petitioner negotiated and accepted the bargained for plea agreement contract and subsequent sentence thereof.
>
> **GROUND THREE**: The new parole guidelines implemented by the Ohio Adult Parole Authority and used to the detriment of the Petitioner violate Ex Post Facto clause.
>
> Supporting Facts: The retroactive application of the new parole guidelines create a sufficient risk of increasing the measure of punishment, in that the new guidelines enhanced the petitioner's parole eligibility by that of approximately 11.5 years; well beyond the state statute and then existing old parole guidelines that were in effect at the time Petitioner negotiated and entered into the plea agreement contract with the State of Ohio and subsequent sentence thereof, which is part of the law annexed to the crime.

(*Id.* at PageID 711–34). On March 30, 2006, this Court dismissed the habeas petition on the ground that it was time-barred pursuant to 28 U.S.C. § 2244(d). (*See* Doc. 8, Ex. 51, 52).

**Registration Violations and Motion to Withdraw Guilty Plea**

Petitioner subsequently pled no contest to violations of his registration requirements and was sentenced to a twelve-month prison sentence on May 8, 2013. On July 17, 2015, petitioner filed a motion to withdraw his original 1992 guilty plea, which was denied by the trial court. (Doc. 8, Ex. 53, 55). Petitioner unsuccessfully appealed the ruling to the Ohio Court of Appeals and the Ohio Supreme Court. (Doc. 8, Ex. 57, 65, 66, 68).

As he does in the instant petition, petitioner argued that beginning in April 2011, the Hamilton County Sheriff's Office "effectively imposed upon him the punitive registration requirements of the current version of R.C. Chapter 2950, 2007 Am.Sub.S.B. No. 10 ("Adam Walsh Act")." (Doc. 8, Ex. 65 at PageID 930). According to petitioner, the retroactive application of the Adam Walsh Act registration requirements violated his rights against Ex Post Facto laws, constituted a Double Jeopardy violation, and breached his original plea agreement, rendering his guilty plea invalid.

**Federal Habeas Corpus Petition**

Petitioner commenced the instant federal habeas corpus action on November 27, 2017. Petitioner raises the following three grounds for relief:

> **GROUND ONE**: Ex Post Facto
>
> Supporting Facts: The Hamilton County Sheriff's Department imposed Senate Bill 10 (Adam Walsh Act) Sex Offender "REGISTRATION DUTIES", retroactively, even after the Ohio Supreme Court ruled Ohio's AWA statutes to be PUNITIVE. To clarify, this claim is not about sex offender CLASSIFICATION it is about sex offender "REGISTRATION DUTIES". The Hamilton County Courts were

3

complicit by acquiescence. Hamilton County enforced AWA registration duties to a Megan's Law client (me).

**GROUND TWO**: Double Jeopardy

<u>Supporting Facts</u>: The Hamilton County Sheriff's Department with the complicit acquiescence of the state courts imposed Senate Bill 10 (Adam Walsh Act) Sex Offender "REGISTRATION DUTIES", which resulted in added punishment for the same offense. (see Ground One). Adam Walsh, punitive statutes have been applied to Petitioner's Megan Law classification status; specifically Adam Walsh "REGISTRATION DUTIES".

**GROUND THREE**: Due Process

<u>Supporting Facts</u>: The Hamilton County Sheriff's Department with the acquiescence of the Hamilton County courts imposed punitive sex offender registration duties with no basis in law to do so.

(Doc. 1).

On January 29, 2018, respondent filed a motion to transfer the petition to the Sixth Circuit Court of Appeals as a successive petition. (Doc. 9).

Petitioner opposes the motion, arguing that he could not have raised the claims in the instant petition in his prior habeas corpus action. Petitioner argues that because Ohio did not enact its Adam Walsh Act statutes until January 8, 2008 and did not impose them on him until 2011, he was unable to discover the factual predicates of his claims through due diligence. (Doc. 11).

## II. THE MOTION TO TRANSFER SHOULD BE DENIED.

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on

4

a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

In this case, although the petition relates to the same conviction or sentence under attack in petitioner's first habeas corpus petition, petitioner challenges the application of the Adam Walsh Act registration requirements to him starting in 2011, several years after he filed his first habeas petition. "[T]he Supreme Court has confirmed that a numerically second petition is not properly termed 'second or successive' to the extent that it asserts claims whose predicates arose

5

after the filing of the original petition." *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) (citing *Panetti v. Quarterman*, 551 U.S. 930 (2007) and *Stewart v. Marinez-Villareal*, 523 U.S. 637 (1986)).[1] The petitioner in *Jones* raised an ex post facto claim concerning amendments to Michigan's parole system which took effect after the adjudication of petitioner's first habeas corpus petition. The Sixth Circuit determined that the ex post facto claim—like the competency-to-be-executed claims addressed in *Panetti and Marinez-Villareal*—was not second or successive because the claim was unripe when his initial petition was filed or, in other words, the events giving rise to the claim had not yet occurred. *See Jones* 652 F.3d at 605. For the same reasons, the instant petition challenging the application of the Adam Walsh Act registration requirements to petitioner in 2011 is not second or successive. *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *1 (E.D. Mich. July 27, 2015) (noting that the Sixth Circuit held that the petitioner was not required to obtain authorization to file a second or successive petition where the petitioner challenged as an ex post facto law amendments to Michigan's Sex Offender Registration Act enacted following his first petition). Accordingly, the motion to transfer this

---

[1] In *Panetti*, the Supreme Court held that an incompetency-to-be-executed claim under *Ford v. Wainwright*, 477 U.S. 399 (1986), raised in a second-in-time federal habeas corpus petition was not successive under § 2244(b). The *Panetti* Court noted that *Ford*-based incompetency claims are generally not ripe until after the time has run to file a first federal habeas petition—that is, not until the time of the petitioner's scheduled execution. *Id.* at 943. Courts have been careful to distinguish petitions containing unripe claims from those claims that are discovered after filing an initial petition. *See Florez-Ramirez v. Foster*, 811 F.3d 861 (7th Cir. 2016) ("when discerning whether a second-in-time petition is successive, courts must be careful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition (such as when newly discovered evidence supports a claim that the petitioner received ineffective assistance of counsel); only the former class of petitions escapes classification as 'second or successive'"); *Gage v. Chappell*, 793 F.3d 1159 (9th Cir. 2015) (noting that the court has distinguished "between petitions containing claims, the factual predicate of which came into being after the first habeas petition—such as the mental incompetency claim in *Panetti*—and those containing claims that were ripe at the conclusion of a first habeas proceeding but were not discovered until afterward") (internal quotation marks and citations omitted).

action to the Sixth Circuit (Doc. 9) should be **DENIED**.[2]

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's Motion to Transfer Successive § 2254 Petition (Doc. 9) be **DENIED.**

2. The Court order respondent to file a return of writ **within sixty (60) days** of any decision adopting this Report and Recommendation in accordance with this Court's initial Order for Answer (*See* Doc. 2).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2] In filing the motion to transfer, respondent expressly did not concede that petitioner has raised cognizable grounds for habeas relief in the petition and did not otherwise address the merits of petitioner's claims. (*See* Doc. 9, at PageID 956). The Court will benefit from briefing of the parties before addressing the cognizability and/or merits of the grounds for relief advanced in the petition.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DARRELL W. STEPHENS,　　　　　　　　　　Case No. 1:17-cv-796
　　　　Petitioner,
　　　　　　　　　　　　　　　　　　　　　Barrett, J.
　　vs.　　　　　　　　　　　　　　　　　Bowman, M.J.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
　　　　Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).