# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DARRELL W. STEPHENS,

                Petitioner,     :     Case No. 1:17-cv-796

  - vs -                            District Judge Michael R. Barrett
                                   Magistrate Judge Michael R. Merz

CHARLES BRADLEY, Warden,
  Pickaway Correctional Institution

                                :

                Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner Darrell Stephens brought this action *pro se* under 28 U.S.C. § 2254 to obtain relief related to his convictions for felonious sexual penetration and rape in the Hamilton County Common Pleas Court in 1992. He pleads the following grounds for relief:

> **Ground One: Ex Post Facto**
>
> **Supporting Facts:** The Hamilton County Sheriff's Department imposed Senate Bill 10 (Adam Walsh Act) sex offender registration duties retroactively, even after the Ohio Supreme Court ruled Ohio's AWA statute to be punitive. To clarify, this claim is not about sex offender classification, it is about sex offender registration duties. The Hamilton County courts were complicit by acquiescence. Hamilton County enforced AWA registration duties to [sic] a Megan's Law client (me).
>
> **Ground Two: Double Jeopardy**
>
> **Supporting Facts:** The Hamilton County Sheriff's Department, with the complicit acquiescence of the state courts, imposed Ohio Senate Bill 10 (Adam Walsh Act) registration duties which resulted in added punishment for the same offense (See Ground One). Adam Walsh punitive statutes have been applied to Petitioner's Megan's

1

>law classification status, specifically Adam Walsh registration duties.
>
>**Ground Three: Due Process**
>
>**Supporting Facts:** The Hamilton County Sheriff Department with the acquiescence of the Hamilton County courts, imposed punitive sex offender registration duties with no basis in law to do so.

(Petition, ECF No. 1, PageID 5, 7, 8.)

Although the Petition attacks the same 1992 conviction as Stephens's prior habeas corpus action in this Court (Case No. 1:05-cv-243), the Court has determined this is not a second or successive habeas application subject to the provisions of 28 U.S.C. § 2244(b) because it relates to a consequence of the 1992 conviction imposed after judgment was entered in the prior case (Report, ECF No. 18, PageID 984, 986-89; adopted without objections, ECF No. 19). The Court would not have had jurisdiction to decide the case if the Petition were a second or successive application. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); *Franklin v. Jenkins*, 839 F.3d 465, 473-74(6th Cir. 2016).

Although the Petition passes the second-or-successive test, that fact is not conclusive of our jurisdiction, as Petitioner argues in his Reply (ECF No. 24, PageID 1046-47). Nor can we presume jurisdiction absent an express challenge; it is well-established that "parties cannot waive the requirement of subject matter jurisdiction." *Watson v. Cartee*, 817 F.3d 299, 302 (6th Cir. 2016), quoting *Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003). Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976), both superseded by statute on other grounds as stated in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Therefore, there is a presumption that a federal

court lacks jurisdiction until it has been demonstrated. *Turner v. Pres., Dirs. & Co. of the Bank of N. Am.,* 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126, 127 (1804); *Clark v. United States*, 764 F. 3d 653, 657 (6th Cir. 2014); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009).

Stephens' filings show, at least prima facie, that the Hamilton County, Ohio, Sheriff has attempted to apply the Ohio instantiation of the Adam Walsh Act to him by way of notifying him he must register under that Act (Petition, ECF No. 1, PageID 5, 7). He has at least a colorable claim that applying Adam Walsh to him results in a constitutional violation. However, he is not in custody pursuant to the Sheriff's interpretation. That is to say, no state actor has charged him with any offense based on the purported application of Adam Walsh to him.

Custody is a prerequisite to habeas corpus jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2018), citing *Stevenson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001). While Stephens remains in custody on his 1992 convictions, nothing about his current custody depends on the application of the Adam Walsh Act registration requirements to him. That is, he is in no way currently being deprived of his liberty for failing to register under the Adam Walsh Act.

If Stephens were released and then charged a with a new offense for failure to comply with the Adam Walsh registration requirements, he could bring a habeas case to challenge that

application. A person on bond is sufficiently in custody to invoke federal habeas corpus jurisdiction, See *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300 (1984); *Hensley v. Mun. Court San Jose Milpitas Jud. Dist., Santa Clary Cnty., California,* 411 U.S. 345, 351 (1973); *Lawrence v. 48th Dist. Court*, 560 F.3d 475, 480 (6th Cir. 2009); *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989).

Stephens is in the same position as any person in the general population who is threatened with being charged under a statute whose threatened application to him he challenges as unconstitutional. Ordinarily a person in that position must wait to be charged, then challenge the constitutionality in the ordinary course of criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971).

Because he is not in custody on any official charge of violating the Adam Walsh Act, this Court lacks jurisdiction in habeas corpus to adjudicate his constitutional claims. Therefore, the Petition should be dismissed without prejudice[1] for lack of jurisdiction. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 15, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] Respondent seeks dismissal with prejudice (Return of Writ, ECF No. 21, PageID 994, 1020), but that would imply a decision on the merits, which this Court is without jurisdiction to make in a habeas case. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (internal quotation marks and citation omitted) ("[A] dismissal 'with prejudice' evinces the intention of the court to make the dismissal on the merits.").

4

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).