# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DARRELL W. STEPHENS,

               Petitioner,      :     Case No. 1:17-cv-796

- vs -                              District Judge Michael R. Barrett
                                       Magistrate Judge Michael R. Merz

CHARLES BRADLEY, Warden,
  Pickaway Correctional Institution

                                        :

               Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATIONS

Petitioner Darrell Stephens brought this action *pro se* under 28 U.S.C. § 2254 to obtain relief related to his convictions for felonious sexual penetration and rape in the Hamilton County Common Pleas Court in 1992. He pleads the following grounds for relief:

> **Ground One: Ex Post Facto**
>
> **Supporting Facts:** The Hamilton County Sheriff's Department imposed Senate Bill 10 (Adam Walsh Act) sex offender registration duties retroactively, even after the Ohio Supreme Court ruled Ohio's AWA statute to be punitive. To clarify, this claim is not about sex offender classification, it is about sex offender registration duties. The Hamilton County courts were complicit by acquiescence. Hamilton County enforced AWA registration duties to [sic] a Megan's Law client (me).
>
> **Ground Two: Double Jeopardy**
>
> **Supporting Facts:** The Hamilton County Sheriff's Department, with the complicit acquiescence of the state courts, imposed Ohio Senate Bill 10 (Adam Walsh Act) registration duties which resulted in added punishment for the same offense (See Ground One). Adam Walsh punitive statutes have been applied to Petitioner's Megan's

1

> law classification status, specifically Adam Walsh registration duties.
>
> **Ground Three: Due Process**
>
> **Supporting Facts:** The Hamilton County Sheriff Department with the acquiescence of the Hamilton County courts, imposed punitive sex offender registration duties with no basis in law to do so.

(Petition, ECF No. 1, PageID 5, 7, 8.)

**Litigation History**

Stephens pleads that the conviction he is attacking occurred in Case No. B916529 (or B9106529) in the Hamilton County Common Pleas Court on March 2, 1992, pursuant to his *Alford* guilty plea to rape and felonious sexual penetration (ECF No. 1, PageID 1, ¶¶ 1-6). According to the Petition, Stephens' most recent attack on this judgment in the Ohio courts occurred when he moved to withdraw his guilty plea in 2015. The Common Pleas Court denied that motion August 18, 2015. *Id.* at PageID 9. The First District Court of Appeals affirmed that decision on August 28, 2017. *Id.* The Ohio Supreme Court then declined appellate jurisdiction on September 27, 2017, and Stephens files his Petition here two months later on November 27, 2017. *Id.* at PageID 13.

Magistrate Judge Bowman immediately ordered an answer (ECF No. 2), but before the answer was filed, Petitioner filed what he styled as a Merit Brief Traverse (ECF No. 6). The Brief contains no argument, but hundreds of pages of unindexed documents from state court records. At PageID 71, there is a Hamilton County Sheriff's Office New Registration Form for the Sex Offender Program dated January 12, 2006, and signed by Stephens, which shows that he was paroled September 21, 2005, after serving twelve years of his sentence. At PageID 77 there is a

Notice of New Classification as a Tier III Sex Offender on letterhead of the Ohio Attorney General.[1] At PageID 87 there appears a letter to Stephens from the Hamilton County Sheriff dated July 23, 2012, advising him of his duty to register.

At PageID 88, there appears a Prosecutor's request for warrant on indictment in Hamilton County Common Pleas Case No. B 0808895. The indictment charges Stephens with failing to give notice of a change of address. At PageID 92, *et seq.*, there is a new indictment in Case No. B 1205154 charging failure to register on July 27, 2012. At PageID 103, there is an indictment in Case No. B 1200162 charging Stephens with failure to notify of an address change on November 5, 2011. Stephens pleaded no contest in all three cases, and then appealed, alleging retroactive application of Megan's Law to him was unconstitutional. The appeals were consolidated and the First District Court of Appeals upheld the application of Megan's Law, relying on *State v. Howard*, 134 Ohio St. 3d 467 (2012). *State v. Stephens*, Case Nos. C-130285, 86, and 87 (1st Dist. Mar. 14, 2014)(unreported, copy at ECF No. 6, PageID 105-106).

Commencing at PageID126 are papers related to Stephens' most recent motion to withdraw his guilty plea. The trial court denied the motion and the First District affirmed, holding in part:

> In 2015, Stephens filed a second motion to withdraw his 1992 guilty pleas. He asserted that the notifications of registration duties sent to him by the Hamilton County Sheriff['s] Office beginning in April 2011 effectively imposed upon him the punitive registration requirements of the current version of R.C. Chapter 2950, 2007 Am.Sub. S.B. No. 10 ("Adam Walsh Act"). He argued that his guilty pleas had not been knowing or intelligent, when the trial court failed, as required by Crim.R. 11(C)(2)(b), to inform him of that punitive consequence before accepting his guilty pleas, and that the retroactive application of the Adam Walsh Act breached his plea agreement and violated the protections against double jeopardy and retroactive laws secured under Article I, Section 10, and Article II, Section 28, of the Ohio Constitution.

---

[1] This document is incomplete, being cut off after one page in the middle of a sentence.

> These claims fail in their underlying premise, because Stephens was, by operation of law, and he remains, a sexually oriented offender subject to the registration requirements of Megan's Law, not the Adam Walsh Act. See *Stephens*, 1st Dist. Hamilton Nos. C-130285, C-130286 and C-130287; *Stephens,* 1st Dist. Hamilton No. C-040810. Megan's Law was remedial, not punitive. *State v. Cook*, 83 Ohio St.3d 404, 417-423, 700 N.E.2d 570 (1998). Consequently, Crim.R. 11(C)(2)(b) was not implicated. See *State v. Rodgers*, 1st Dist. Hamilton No. C-970597, 1998 WL 515966, *2 (Aug. 21, 1998). And the constitutional protections against double jeopardy and retroactive laws did not bar retroactive application of Megan's Law to Stephens based on his 1992 convictions. *State v. Williams*, 88 Ohio St.3d 513, 528, 728 N.E.2d 342 (2000); *Cook* at paragraph one of the syllabus. Finally, the doctrine of the law of the case precluded the common pleas court from granting Stephens relief under Crim.R. 32.1 based on his breach-of-plea-agreement and retroactivity claims, because we addressed and rejected those claims in Stephens's appeals from his 2004 sexually-oriented-offender classification and his subsequent convictions for violating Megan's Law's registration requirements. *See Nolan v. Nolan,* 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984) (holding that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings at both the trial and reviewing levels").

*State v. Stephens,* Case No. C-150622 (1st Dist. Apr. 28, 2017)(unreported; copy at ECF No. 6, PageID 201-02).

Prior to answering the Petition, Respondent filed a Motion to Transfer the case to the Sixth Circuit as a second or successive habeas application (ECF No. 9). The Motion noted that Stephens had filed a previous habeas petition attacking the 1992 judgment which this Court had dismissed. *Id.* at PageID 954, citing final judgment in Case No. 1:05-cv-243. In recommending that the Motion to Transfer be denied, Magistrate Judge Bowman found that after his prior Petition was dismissed, Stephens pleaded no contest to violation of his registration requirements and was sentenced to twelve months' imprisonment on May 8, 2013, after which he filed his most recent motion to withdraw the guilty plea (Report and Recommendations, ECF No. 18, PageID 985). She noted that he had argued in that Motion as he does here that the Hamilton County Sheriff's Office had "effectively imposed upon him the punitive registration requirements of the current version of

R.C. Ch. 2950 [from] Am. Sub. 10 (Adam Walsh Act.")." *Id.* She concluded that the instant Petition was not second or successive because Stephens was challenging the imposition of the Adam Walsh registration requirements, an asserted factual predicate for habeas relief that arose after the last Petition was dismissed. *Id.* at PageID 988, citing *Panetti v. Quarterman,* 551 U.S. 930 (2007). Neither party objected and District Judge Barrett adopted Magistrate Judge Bowman's Report (ECF No. 19). Thereafter the Warden filed the Return of Writ (ECF No. 21), Stephens filed a Reply (ECF No. 24), and the Magistrate Judge reference in the case was transferred to the undersigned (ECF No. 25).

In an initial Report and Recommendations, the undersigned recommended dismissal for lack of jurisdiction because Stephens did not appear to be in custody and actual custody is a jurisdictional requirement for habeas corpus (ECF No. 26). Stephens corrected that misunderstanding in his Objections (ECF No. 27) and the Report was withdrawn (ECF No. 28).

Petitioner asserts he is in custody under the 1992 conviction for violating his parole (Objections, ECF No. 27, PageID 1060) and the Warden did not deny that assertion in responding to the Objections. The Court concludes Stephens is sufficiently in custody to invoke this Court's habeas corpus jurisdiction under 28 U.S.C. § 2241.

Petitioner claims further that the parole violation that caused the revocation of his parole was conviction in Case No. B-1200162 for failing to comply with the registration requirements of the Adam Walsh Act (Objections, ECF No. 27, PageID 1060). Petitioner asserts:

> The causal link between the sheriff's imposition of Adam Walsh Act and the petitioner's current incarceration is clear and unambiguous. The sheriff imposed them, the county court tried and convicted him of violating them, then the parole authority arrested and incarcerated him as a parole violator for all of the above.

*Id.*

The indictment in B 1200162 specifically charges Stephens with failure to provide notice of an address change and register a new address in violation of Ohio Revised Code § 2950.05(F)(1) (ECF No. 6, PageID 104). Stephens was not "tried and convicted" of that offense as he asserts in his Objections. Rather, he pleaded no contest and was found guilty. *State v. Stephens*, Case Nos. C-13085, 86, and 87 (1st Dist. Mar. 14, 2014)(unreported; copy at ECF No. 6, PageID 105, *et seq*.) Stephens implicitly acknowledged that it was Megan's Law that had been applied to him in that case, because his assignments of error challenged the retroactive application of Megan's Law and the First District upheld that retroactive application because Megan's Law was remedial, not punitive. *Id.*

In his Motion to Withdraw the 1992 guilty plea, Stephens acknowledged that he did not raise his present claims on appeal from the 2012 convictions, although those convictions occurred after the Hamilton County Sheriff's Office allegedly began "imposing" the Adam Walsh Act in 2011.. "The sole issue in that appeal was the retroactive application of Megan's Law while the claim before this Court is the retroactive application of the Adam Walsh statutes." (ECF No. 6, PageID 130). Stephens' theory about how the states courts have imposed Adam Walsh on him follows shortly thereafter:

> Because the 2012 trial court by its silence acquiesced to the Adam Walsh Act indictments for violation of 2950.04 and 2950.05, such acquiescence constitutes de facto imposition of Senate Bill 10 Adam Walsh Act statutes by an Ohio Trial Court in direct violation of *Williams, Rush,* and *Shirley. Ibid.* Said acquiescence rubberstamped the unconstitutional police action perpetrated by the Hamilton County Sheriff since 2011. . . .

*Id.* at PageID 131. The indictment is question refers to Ohio Revised Code sections allegedly violated and not to the particular versions of those statutes in effect on a certain date (ECF No. 6, PageID 103-04). The Adam Walsh Act was codified using some of the same section numbers as

6

had been used to codify Megan's Law, as is evident from the copies of the two versions Stephens filed with his Merit Brief. If anyone is deemed to have acquiesced by silence to any ambiguity in the 2012 indictment, it is Stephens who pleaded no contest to the indictment as filed without objecting to any ambiguity. And if there was ambiguity about which version of the statutes was involved, it was eliminated by the First District's explicit recognition that Stephens is subject to Megan's Law and not the Adam Walsh Act.

All of this was clear on the face of the record at the time of the March 2014 decision by the First District. Nothing was changed by the subsequent Motion to Withdraw Guilty Plea. That Motion was dealt with summarily by the trial court, but the First District again expressly held that Stephens was a Megan's Law offender and not subject to the Adam Walsh Act. *State v. Stephens*, Case No. C-150622 (1st Dist. Apr. 28, 2017)(unreported; copy at ECF No. 6, PageID 200, *et seq.*).

Stephens' claims are completely without merit because he is not in custody pursuant to a judgment or action of the Parole Authority or even arrest by the Hamilton County Sheriff for violating the Adam Walsh Act. Instead, he is in custody because he was convicted of violating his registration obligations under Megan's Law and the Parole Authority revoked his parole on the basis.

Even if there were merit to Stephens' claims, he would be barred from presenting them here by the one-year statute of limitations in the AEDPA. That statute provides:

> (d)
>
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Stephens is in custody because his parole was revoked after his 2013 conviction and sentence on May 8, 2013. If he believed he was entitled to release because he had been revoked on the basis of unconstitutional retroactive application to him of the Adams Walsh Act, he could have filed a state habeas action. *State ex rel Lemmon v. Ohio Adult Parole Auth.,* 78 Ohio St. 3d 186, 188 (1997); *State ex rel Pirman v. Money*, 69 Ohio St. 3d 591, 594 (1994). Such an action, if properly filed, would have tolled the federal statute of limitations, but Stephens did not file any such action.

Stephens did not file his most recent motion to withdraw his guilty plea until July 17, 2015, more than two years after his conviction that resulted in the parole revocation. Even if that motion is considered to be a properly filed collateral attack on the judgment, it does not start the statute of limitations running anew. In other words, by the time that motion was filed, the statute of limitations had already expired.

**Conclusion**

Petitioner is not in custody as a result of imposition on him of the requirements of the Adam Walsh Act, but rather because he violated his obligations to register under Megan's Law and was convicted for that violation. Moreover, his Petition is barred by the statute of limitations. It is therefore respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 12, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).