# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DARRELL W. STEPHENS,

              Petitioner,     :     Case No. 1:17-cv-796

    - vs -                          District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

CHARLES BRADLEY, Warden,
  Pickaway Correctional Institution

                              :

              Respondent.

## SUPPLEMENT TO SUBSTITUTED REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 43) to the Magistrate Judge's Substituted Report and Recommendations (the "Report," ECF No. 32). The Warden has responded to those Objections (ECF No. 44) and District Judge Barrett has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 38).

Stephens' Petition claims in all three Grounds for Relief he is in custody as the result of imposition on him by the Hamilton County Sheriff of the requirements of the Adam Walsh Act (ECF No. 1, PageID 5, 7, and 8).

The Report recommended dismissing this claim for two reasons. First, Stephens has received an unequivocal decision from the First District Court of Appeals that his current incarceration is pursuant to Megan's Law, the predecessor of the Adams Walsh Act (ECF No. 32, PageID 1075-76, citing *State v. Stephens*, No. C-150622 (1st Dist. Apr. 28, 2017)(unreported, copy

1

at State Court Record, ECF No. 6, PageID 201-02). Second, Stephens' Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244 (ECF No. 32, PageID 1079-80).

In his Objections, Stephens refers the Court to the following documents:

> Hamilton County Sheriff's Office, Sex Offender Program, New Registration Form dated 01/12/2006 (State Court Record, ECF No. 8-1, PageID 826).
>
> Notice of Registration Duties of Sexually Oriented Offender dated 01/12/2006. *Id.* at PageID 827.
>
> Notice of Registration Duties of Sexually Oriented Offender dated 05/12/2006. *Id.* at PageID 828.
>
> Notice of Registration Duties of Sexually Oriented Offender dated 11/02/2006. *Id.* at PageID 829.
>
> Notice of Registration Duties of Sexually Oriented Offender dated 10/30/2006. *Id.* at PageID 830.
>
> Notice of Registration Duties of Sexually Oriented Offender dated 10/30/2006. *Id.* at PageID 831.
>
> Notice of Registration Duties of Sexually Oriented Offender dated 01/04/2007. *Id.* at PageID 832.

Petitioner argues that all these show the Sheriff's Office had "constructive knowledge at those times regarding Megan's Law registration requirements as they pertained to the Petitioner (Objections, ECF No. 43, PageID 1116).

Stephens then refers the Court to subsequent pages of the State Court Record which purportedly show his being subjected to the new requirements of the Adam Walsh Act (Objections, 43, PageID 1116, citing State Court Record. ECF No. 8-1, PageID 833, 839,840, 841, 841, 843). These documents are described as follows:

> Notice of New Classification and Registration Duties from Attorney General Marc Dann dated November 26, 2007, and containing the following language: "Your classification and registration duties

> have changed due to Ohio Senate Bill 10, passed to implement the federal Adam Walsh Child Protection and Safety Act of 2006. (State Court Record, ECF No. 8-1, PageID 833).
>
> Scioto County Sheriff's Office, Notice of Registration Duties of Sexually-Oriented Offender dated 04/28/2011. *Id.* at PageID 839.
>
> Hamilton County Sheriff's Office, Notice of Registration Duties of Sexually-Oriented Offender dated 06/06/2011. *Id.* at PageID 840.
>
> Hamilton County Sheriff's Office, Notice of Registration Duties of Sexually-Oriented Offender dated 06/07/2011. *Id.* at PageID 841.
>
> Hamilton County Sheriff's Office, Explanation of Duties to Register as a Sex Offender (Duties Commencing on or after January 1, 2008) signed by Petitioner and officer of the Sheriff's Office 07/14/2012. *Id.* at PageID 842.
>
> Hamilton County Sheriff's Office 07/23/2012 notice to Petitioner of his duty to register as a person convicted of a sexually oriented offense not later than July 26, 2012. *Id.* at PageID 843.

From these documents, Stephens argues that

> [I]t is plain to see that Adam Walsh Act registration requirements were *imposed* on petitioner by more than one state court, both common pleas as well as municipal, by use of charging instruments; see PageID 850 and 851 which underlie the indictment at PageID 848. See also PageID 856 and 857 which underlie the indictment as PageID 859.

(Objections, ECF No. 43, PageID 1116.)

Stephens was indicted August 1, 2012, in Hamilton County Common Pleas Case No. B 1205154 and charged with failure to register under Ohio Revised Code § 2950.04(E). *Id.* at PageID 848. The Indictment alleges Stephens was previously convicted of failing to register in Case No. B0808895 on December 18, 2008, and that the most serious sexually oriented offense giving rise to the duty to register was Stephens' rape conviction on March 31, 1992, in Case No. B916529. *Id.* at PageID 848-49. The Indictment says nothing about the amount of time Stephens had to

register, but the Hamilton County Municipal Court Complaint of July 27, 2012, avers he was required to register "within 3 days of coming into" Hamilton County. *Id.* at PageID 850. The underlying Affidavit for the same charge also alleges a 3-day duty. *Id.* at PageID 851. The Complaint in an earlier Hamilton County Municipal Court case (11-CRA-34812) alleges Stephens failed to provide the Hamilton County Sheriff with twenty days' notice of a residence address change. *Id.* at PageID 856. That charge eventuated in an Indictment in Hamilton County Case No. B 1200162 charging failure to provide the twenty days' notice with an underlying registration requirement arising from the 1992 rape conviction. *Id.* at PageID 859-860.

In Case Nos. B 0808895, B 1200162, and B 1205154, Stephens pleaded no contest and appealed, alleging retroactive application to him of Megan's Law, not the Adam Walsh Act, was unconstitutional. *State v. Stephens*, Case Nos. C-130285, C-130286, and C-130287 (Ohio App. 1st Dist. Mar. 14, 2014)(unreported, copy at ECF No. 6, PageID 105-106). The First District held that Megan's Law was properly applied retroactively to Stephens because it was a remedial statute and not a punitive statute.

Stephens has now shown that there was Adam Walsh Act language in the indictments to which he pleaded no contest. But he did not object to that language at the time of his plea and he did not raise that objection on appeal. He concedes that point by writing, "The sole issue in that appeal was the retroactive application of Megan's Law while the claim before this Court is the retroactive application of the Adam Walsh statutes." (ECF No. 6, PageID 130). But a defendant in a criminal action cannot piecemeal his appeal. When he appealed from the 2012 convictions, the issue he attempts to present now – trial court acquiescence in restorative application of Adam Walsh – was already evident on the face of those indictments and he procedurally defaulted his opportunity to present his Adam Walsh Act claim to the state courts by not raising it at that time.

4

In his current Objections, Stephens argues correctly that the elements of offenses are defined by the charging instrument[1] and that "The Magistrate cannot at this late stage amend petitioner's indictments in those state cases to render them Megan's Law charging instruments." (Objections, ECF No. 43, PageID 1117.) That is correct and the Magistrate Judge has not suggested that this Court can make such an amendment. What is clear from the record is that Stephens himself treated them as Megan's Law charging instruments and appealed on that basis, never raising his Adam Walsh Act claim on direct appeal.

The Magistrate Judge of course agrees that this Court is bound by Ohio's interpretations of its own laws and by inference bound by the Ohio Supreme Court's interpretation of the Adam Walsh Act as punitive and therefore not retroactively applicable to persons in Stephens' position. But those truths are not applicable to Stephens' present incarceration. He is in prison because the Parole Authority found he violated his 1992 parole by being convicted of various violations of his notice requirements. He could have prevented those convictions by pointing out in the trial court or on appeal that he was being improperly charged with violating the Adam Walsh Act. But he did not do that and in fact defaulted his opportunity to do that by pleading no contest and then not raising that issue on appeal. Just as the Magistrate Judge cannot amend the indictments, Stephens cannot avoid the facts of his pleading no contest and raising different issues on appeal.

Stephens argues that "a conviction for AWA [Adam Walsh Act] registration requirements is necessary to make them punitive. The *imposition* of AWA requirements, *without more*, is punitive." (Objections, ECF No. 43, PageID 1118.) The Magistrate Judge agrees. If the Hamilton County Sheriff attempts to impose Adam Walsh Act requirements on Stephens, that would give rise to an action in federal court to enjoin such imposition under 42 U.S.C. § 1983. But this is not

---

[1] The Indictments are enumerated above. The Municipal Court Complaints are completely superseded in a felony case when the grand jury returns an indictment.

such an action and the Supreme Court has commanded district courts to maintain a separation between civil rights actions and habeas corpus actions. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). If a criminal court "acquiesced" in such an attempted imposition, Stephens would have a meritorious motion to dismiss such an indictment. If that state court refused to dismiss and allowed the case to go forward despite such an objection, Stephens would then have a meritorious case for habeas corpus. But that is not this case. Although he would have had a good motion to dismiss those indictments, he did not do so.

Stephens also objects to the Magistrate Judge's recommendation that the Petition be dismissed as barred by the statute of limitations. He claims that the statute began to run September 27, 2017, when the Supreme Court of Ohio denied review of the trial court's denial of his 2015 motion to withdraw his guilty plea (Objections, ECF No. 43, PageID 118). While the Petition here was filed within one year of that date, Stephens provides no argument about why the statute began to run in September 2017. Stephens was committed on his current incarceration in May 2013. Treating that parole revocation as the "judgment" being complained of in this case, the statute would have begun to run May 8, 2013, unless Stephens filed some collateral attack on that order within a year, i.e., before May 8, 2014. He did not do so. His very next action to challenge his confinement did not come until July 17, 2015, when he filed his most recent motion to withdraw the guilty plea. He cites no authority, and none is known to the undersigned, whereby the statute of limitations is reopened after is has expired by filing a motion to withdraw the guilty plea.

The Magistrate Judge agrees with Petitioner that his release on post-release control will not render this case moot. *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968). If state authorities should attempt to force Stephens to comply with the Adam Walsh Act as part of his post-release control, he will be free to raise the objection he now makes. But habeas corpus speaks only to past

constitutional violations embodied in an order of confinement, and thus does not exist in this case. More generally, this Court has no authority in a habeas corpus case to enjoin future unconstitutional state action.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends that the instant Petition be dismissed because (1) Stephens' claim that he is being held for violating the Adam Walsh Act is procedurally defaulted, and (2) the Petition is in any event barred by the statute of limitations.

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 20, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or

such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).