UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| Darrell W. Stephens, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) Case No. 1:17-cv-00796 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| Warden, Pickaway Correctional, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

### ORDER

This matter is before the Court on the Magistrate Judge's Substituted Report and Recommendation ("R&R") and Supplement to the Substituted R&R that recommend that Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (Docs. 32, 45).

The parties received proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the Substituted R&R and Supplement to the Substituted R&R in a timely manner. (Doc. 32 at PageID 1081); (Doc. 45 at PageID 1135-36); *see United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed timely objections. (Docs. 37, 43, 48). Respondent filed timely Responses in Opposition to Petitioner's objections. (Docs. 44, 49).

### I. STANDARD OF REVIEW

When the assigned district court judge receives objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the

magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After that review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. ANALYSIS

As a threshold matter, Petitioner most recently filed a notice of change of address that reflects that he is no longer incarcerated and has been released from prison. (Doc. 50). Petitioner previously explained that he anticipated release from incarceration and that the Ohio Adult Parole Authority would impose a three-year term of post-release control.[1] (Doc. 43 at PageID 1119). The Magistrate Judge agreed with Petitioner that release on post-release control would not render the petition moot. (Doc. 45 at PageID 1135). The Court assumes that Petitioner is, in fact, no longer incarcerated and currently subject to post-release control and finds that he remains "in custody" such that this habeas case, filed while he was incarcerated, is not moot. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

Petitioner brings this action to obtain relief from his March 1992 conviction in the Hamilton County Court of Common Pleas Case No. B-916529 upon his entry of guilty pleas to charges of felonious sexual penetration and rape for which he was sentenced to five to twenty-five years' incarceration. (Doc. 1 at PageID 1). He requests that the Court issue a writ of habeas corpus or order the Ohio state courts to permit him to withdraw his guilty

---

[1] *See generally* Ohio Rev. Code. § 2967.28 ("Post-release control"); *State v. Wozniak*, No. 00AP-349, 2000 WL 1376547, at *5 (Ohio Ct. App. Sept. 26, 2000), *aff'd*, 2001-Ohio-1307, 93 Ohio St. 3d 173, 754 N.E.2d 219 ("[Ohio Rev. Code § 2967.28 is] the statute governing 'post-release control' (formerly known as 'parole' prior to the state legislature's overhaul of the criminal code, effective July 1996).").

2

plea pursuant to Ohio Rule of Criminal Procedure 32.1. (*Id.* at PageID 15). In each of his three Grounds for Relief, he asserts that the Hamilton County Sheriff's Department and Ohio state courts are improperly subjecting him to post-release control and sex offender registration duties under the requirements of the Adam Walsh Act ("AWA"), when he should only be subject to the requirements of Megan's Law. (Doc. 1).

For background regarding Ohio's sex offender registration statutes that underlie Petitioner's arguments, and as another Magistrate Judge in this District has explained,

> Ohio has had sex offender registration statutes since 1963. *See State v. Hayden,* 773 N.E.2d 502, 504 (Ohio 2002). . . . "[T]he law became more complex in 1996 due in large part to New Jersey's 1994 passage of 'Megan's Law.'" Ohio Rev. Code Chapter 2950 [("Sex Offenders")] was repealed and reenacted in 1997 to incorporate the Megan's Law registration and notification requirements for sex offenders upon their release from prison. *See id.* Since 1997, the Ohio legislature has enacted amendments to Chapter 2950 by way of Senate Bill 5 in 2003 and Senate Bill 10 in 2007. *See State v. Ferguson,* 896 N.E.2d 110, 112 & n.1 (Ohio 2008). The Ohio Supreme Court has held that changes made to the statute prior to Senate Bill 10 may be applied retroactively to convicted sex offenders. *See Ferguson,* 896 N.E.2d at 119–20; *State v. Cook,* 700 N.E.2d 570 (Ohio 1998). However, the Ohio Supreme Court has held that unlike prior amendments, Senate Bill 10, which became effective January 1, 2008, imposes requirements based on the federal Adam Walsh Act (AWA) that are punitive and cannot be applied retroactively to a person whose crime was committed before the bill's enactment. *See State v. Williams,* 952 N.E.2d 1108, 1110 (Ohio 2011); *see also State v. Howard,* 983 N.E.2d 341, 345 (Ohio 2012) (pointing out that in light of its decision in *Williams,* "Ohio has, in effect, separate statutory schemes governing sex offenders depending on when they committed their underlying offense. Those who committed their offense before the effective date of the AWA are subject to the provisions of Megan's Law; those who committed their offense after the effective date of the AWA are subject to the AWA.").

*Denoma v. Kasich,* No. 1:15-CV-594, 2015 WL 9906255, at *2, n.1 (S.D. Ohio Nov. 2, 2015), *report and recommendation adopted,* No. 1:15CV594, 2016 WL 279239 (S.D. Ohio Jan. 22, 2016).

3

Turning to the facts necessary to address the Petitioner's objections, in 2004, Petitioner was classified as a sexually oriented offender under Megan's Law. *State v. Stephens*, 1st Dist. Hamilton No. C-040810 (Oct. 12, 2005). He appealed that classification and the Ohio First District Court of Appeals affirmed that classification. *Id.*

In 2008, Petitioner was indicted in the Hamilton County Court of Common Pleas and charged with failing to register according to his registration duties as a sexually oriented offender. (Doc. 8-1 at PageID 845-46). The 2008 indictment noted that the most serious sexually oriented offense that gave rise to his duty to register was his March 1992 conviction of rape. (*Id.*). In January 2012, Petitioner was indicted in the Hamilton County Court of Common Pleas and charged with failing to register. (*Id.* at PageID 859-60). The January 2012 indictment noted Petitioner's prior conviction for failure to register in 2008 and that the most serious sexually oriented offense that gave rise to his duty to register was his March 1992 conviction of rape. (*Id.*) In August 2012, Petitioner was indicted in the Hamilton County Court of Common Pleas and charged with failing to register. (*Id.* at PageID 848-49). The August 2012 indictment noted Petitioner's prior conviction for failure to register in 2008 and that the most serious sexually oriented offense that gave rise to his duty to register was his March 1992 conviction of rape. (*Id.*).

In response to the two 2012 indictments, Petitioner pleaded no contest, was convicted of failing to provide notice of an address change, failing to periodically verify his address, and failing to register as a sex offender, and was sentenced for third-degree felonies for one-year. (*Id.* at PageID 861, 883). Petitioner appealed those convictions and argued that the retroactive application of Megan's Law to him was unconstitutional. (*Id.* at PageID 861-62); (Doc. 45 at PageID 1132). In March 2014, the First District held

that Megan's Law was properly applied retroactively to Petitioner.  (Doc. 8-1 at PageID 861-62).

In July 2015, Petitioner filed a second motion[2] to withdraw his 1992 guilty pleas pursuant to Ohio Criminal Rule 32.1 and argued that the state's application of the AWA's registration requirements to him are unconstitutionally retroactive.  (*Id.* at PageID 929-31).  In August 2015, the Hamilton County Court of Common Pleas denied his motion.  (*Id.*).  In April 2017, the First District affirmed that denial.  (*Id.*).  In September 2017, the Ohio Supreme Court declined jurisdiction.  (*Id.* at PageID 951).

Petitioner filed his petition on November 27, 2017.  (Doc. 1).  The Magistrate Judge recommends that the Court dismiss the petition as procedurally defaulted or, alternatively, time-barred by the applicable one-year statute of limitations.  (Docs. 32, 45).

With respect to Petitioner's first two objections—that he is challenging his 1992 conviction and was most recently incarcerated because of his 1992 conviction—the Magistrate Judge explicitly found that the petition challenges Petitioner's March 1992 convictions and accepted Petitioner's assertion that he is in custody under the 1992 convictions for violating his parole.  (Doc. 32 at PageID 1077).  Petitioner asserts that, although he may have been incarcerated due to his 2012 convictions—and then again due to a separate parole conviction—he is currently incarcerated solely upon his 1992 conviction because the Ohio Adult Parole Authority provided him with parole release hearing in September 2017 during which the Ohio Adult Parole Authority continued his incarceration due to the serious nature of the 1992 offense and because the Ohio Adult Parole Authority believed Petitioner is a risk to reoffend.  (Doc. 48 at PageID 1140).

---

[2] He filed his first motion to withdraw his 1992 guilty pleas in 2002.  (Doc. 8-1, at PageID 929).

5

Petitioner cites nothing in the record to support his assertions regarding a September 2017 hearing.  Regardless, even accepting his assertions as true, the Court finds that the Ohio Adult Parole Authority *continued* his incarceration for his 2012 convictions and finds no error in the Magistrate Judge's findings and recommendations regarding these matters.  *See* FED. R. CIV. P. 72(b)(3).

Turning to Petitioner's next objection, the Court understands that his argument is that the relevant Ohio state actors breached the terms of his 1992 plea agreement by imposing AWA sex offender registration requirements on him.  (Doc. 48).  However, Petitioner conceded that he did not raise arguments about the AWA language in the 2012 indictments when he pleaded no contest to those indictments and on appeal of those subsequent convictions.  (Doc. 8-1 at PageID 887).  The Magistrate Judge emphasized that Petitioner did not object to the AWA language at the time he pleaded no contest for the 2012 indictments and on appeal to the First District regarding the 2012 indictments. (Doc. 45 at PageID 1132-33).  The Magistrate Judge found that, when Petitioner appealed the 2012 convictions, the issue of the AWA language in the 2012 indictments was apparent on the face of those indictments and because Petitioner failed to raise his AWA argument to the First District on direct appeal, he procedurally defaulted his opportunity to do so now.  (*Id.*).  Stated otherwise, as the Magistrate Judge explained, the proper time to make this argument was when Petitioner received the 2012 indictments; Petitioner could have made those arguments at that time, but did not, and his attempt to do so now is, essentially, too little, too late.  The Court finds no error in the Magistrate Judge's findings and recommendations regarding Petitioner's procedural default.  *See* FED. R. CIV. P. 72(b)(3).

Finally, to the extent that Petitioner states that Ohio Criminal Rule of Procedure 32.1 does not provide a time-frame for filings made pursuant to that rule and Respondent has not raised any filing deadline as a procedural defense (Doc. 48 at PageID 1140), 28 U.S.C. § 2254(d) imposes a one-year limitations period for habeas petitions and Respondent raised a statute of limitations defense in this matter. *See* 28 U.S.C. § 2244(d)(1); (Doc. 21). The Court finds no error in the Magistrate Judge's findings and recommendations regarding the petition's status as time-barred. *See* FED. R. CIV. P. 72(b)(3).

### III. CONCLUSION

In light of the above, and after a de novo review of the filings in this matter, the Court accepts the Magistrate Judge's recommended decision. *See* FED. R. CIV. P. 72(b)(3). It is hereby **ORDERED** that Substituted R&R and Supplement to the Substituted R&R (Docs. 32, 45) are **ADOPTED in full** and the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED**. Moreover, Petitioner is denied a certificate of appealability, because reasonable jurists would not disagree with the Court's conclusion, and Petitioner shall not be granted leave to appeal *in forma pauperis*, as the Court certifies that any appeal would be objectively frivolous.

**IT IS SO ORDERED.**

       _s/ Michael R. Barrett_____
       Michael R. Barrett, Judge
       United States District Court